UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**HELEN LANE**                                          **CIVIL ACTION**

**versus**                                              **NO. 12-340**

**JIM ROGERS, WARDEN**                                  **SECTION: "B" (3)**

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Helen Lane,[1] is a state prisoner incarcerated at the Louisiana Correctional Institute for Women, St. Gabriel, Louisiana. On April 9, 2002, she pleaded guilty under Louisiana law to five counts of possession with intent to distribute cocaine and was sentenced on each count

---

[1] It appears from the state court record that petitioner also uses the name "Helen Lang."

to a concurrent term of eighteen years imprisonment. On that same date, she then also pleaded guilty to being a multiple offender and was resentenced on the first count to a concurrent term of eighteen years imprisonment without benefit of probation or suspension of sentence.[2]

On April 24, 2002, petitioner filed a motion for appeal with the state district court.[3] On June 6, 2002, that motion was denied as untimely, and petitioner was instructed that she must seek an out-of-time appeal by filing an application for post-conviction relief.[4] She filed no such application.

On January 31, 2006, petitioner filed with the state district court a motion to correct an illegal sentence.[5] That motion was denied on March 27, 2006.[6] Petitioner's related writ

---

[2] State Rec., Vol. I of III, transcript of April 9, 2002; State Rec., Vol. I of III, minute entries dated April 9, 2002; State Rec., Vol. I of III, guilty plea form.

[3] State Rec., Vol. I of III. That undated motion was file-stamped on May 2, 2002; however, it was mailed in an envelope postmarked on April 24, 2002. The United States Fifth Circuit Court of Appeals has held that federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006). Because that date cannot be gleaned from the state court record with respect to the filings in this case, this Court will simply use the signature date of the applications (or of the accompanying cover letters or pauper applications) as the filing date, in that the various applications were obviously placed in the mail no earlier than the date they were signed. In those instances where no signature date appears on a document, the Court will look to the postmark or other similar evidence, if available, or, as a last resort, the file-stamp placed on the document by the clerk of court. While these assumptions are somewhat imprecise, approximate filing dates are sufficient here because petitioner's federal application is extremely untimely.

[4] State Rec., Vol. I of III, Order dated June 6, 2002.

[5] State Rec., Vol. I of III.

[6] State Rec., Vol. I of III, minute entry dated March 27, 2006.

application was then likewise denied by the Louisiana Fifth Circuit Court of Appeal on May 11, 2006.[7] She did not seek review of that judgment by the Louisiana Supreme Court.

On July 2, 2008, petitioner filed directly with the Louisiana Supreme Court an original petition challenging the procedures used by the Louisiana Fifth Circuit Court of Appeal in ruling on *pro se* post-conviction writ applications.[8] On October 10, 2008, the Supreme Court transferred that petition to the Louisiana Fifth Circuit Court of Appeal for consideration.[9] The Court of Appeal denied relief on February 25, 2010.[10] The Louisiana Supreme Court then denied petitioner's related writ application on February 25, 2011.[11]

While that application was pending, petitioner returned to the state district court to seek relief. For example, on March 3, 2009, she filed a "Motion for Reduction/Amendment of

---

[7] State v. Lane, No. 06-KH-339 (La. App. 5th Cir. May 11, 2006); State Rec., Vol. I of III.

[8] State Rec., Vol. III of III.

[9] State *ex rel.* Lane v. State, 994 So 2d 15 (La. 2010) (No. 2008-KH-1763); State Rec., Vol. III of III.

[10] State *ex rel.* Lane v. State, No. 08-WR-991 (La. App. 5th Cir. Feb. 25, 2010); State Rec., Vol. I of III.

[11] State *ex rel.* Lane v. State, 57 So.3d 1030 (La. 2011) (No. 2010-KH-0601); State Rec., Vol. III of III.

Sentence"[12] which was denied on March 20, 2009.[13] Then, on August 19, 2009, she filed a "Motion to Correct an Illegal Multiple Bill Sentence"[14] which was likewise denied on August 31, 2009.[15]

On January 23, 2012, petitioner filed the instant federal application for *habeas corpus* relief.[16] The state argues that the application is untimely.[17] The state is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring her Section 2254 claims within one (1) year of the date on which her underlying criminal judgment becomes "final."[18] On that point, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28

---

[12] State Rec., Vol. I of III.

[13] State Rec., Vol. I of III, Order dated March 20, 2009.

[14] State Rec., Vol. I of III.

[15] State Rec., Vol. I of III, Order dated August 31, 2009.

[16] Rec. Doc. 5. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner declared under penalty of perjury that she placed her federal application in the prison mailing system on January 23, 2012. Rec. Doc. 1, p. 15. While that declaration is suspect, in that the accompanying pauper application was dated January 30, 2012, the Court will accept the declaration as true for the purposes of this proceeding, in that the application is untimely in either event.

[17] Rec. Doc. 13.

[18] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires." Id. at 694; see also Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).

Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. See Foreman, 383 F.3d at 338-39. As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal. See Causey v. Cain, 450 F.3d 601, 606 (5th Cir. 2006); Roberts, 319 F.3d at 693.

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008).

As noted, petitioner pleaded guilty and was sentenced on April 9, 2002. Her state criminal judgments then became final for AEDPA purposes no later than April 16, 2002, when she failed to file an appeal within the time allowed by state law.[19] As a result, her federal limitations period therefore commenced on that date and expired one year later on April 16, 2003, unless the deadline was extended through tolling.

---

[19] In 2002, La.C.Cr.P. arts. 13 and 914 provided that a defendant had five days, not including legal holidays and half-holidays, to notice his intent to appeal a conviction or sentence. In Louisiana, all Sundays are legal holidays and (except in Washington Parish under certain circumstances) all Saturdays are, depending on the locality, either holidays or half-holidays. La.Rev.Stat.Ann. § 1:55(A). In 2002, April 13 was a Saturday and April 14 was a Sunday; therefore, out of an abundance of caution, this Court will not count those two days against petitioner when calculating the date her criminal judgments became final.

The Court first considers statutory tolling. The AEDPA expressly provides: "The time during which a *properly* filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). The United States Supreme Court has explained: "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (footnote omitted).

A review of the state court record reflects that petitioner had no *properly* filed applications for state post-conviction or other collateral review pending at any time during the one year immediately after her state criminal judgments became final. It is true that she filed the untimely motion for appeal during that period. However, even if that motion is generously construed as an application for state post-conviction or other collateral review,[20] no tolling credit is warranted because the state district court denied the motion as untimely filed. The United States Supreme Court has held that when, as here, an application was denied by the state court as untimely under state law, the application cannot be considered to have been "properly filed," and, therefore, cannot toll the federal limitations period. Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) ("When

---

[20] It is arguable that the motion should not be so construed, in that it appeared to be an attempt to invoke *direct*, not *collateral*, review. Motions or applications filed as part of the direct review process clearly do not entitle a petitioner to statutory tolling. Butler v. Cain, 533 F.3d 314, 320 (5th Cir. 2008) ("Filings that are not part of habeas or post-conviction proceedings do not invoke Section 2244(d)(2) tolling.").

a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." (quotation marks and brackets omitted)); see also Nellon v. Cain, Civ. Action No. 10-4430, 2012 WL 1142539, at *4 (E.D. La. Jan. 25, 2012), adopted, 2012 WL 1089232 (E.D. La. Mar. 30, 2012); Hartman v. Johnson, Civ. Action No. 11-13, 2011 WL 4443230, at *4 (E.D. La. Sept. 23, 2011); Price v. Cain, Civ. Action No. 11-071, 2011 WL 2937287, at *3 (E.D. La. June 1, 2011), adopted, 2011 WL 2937285 (E.D. La. July 19, 2011); Lebanks v. Cain, Civ. Action No. 09-7709, 2010 WL 5055989, at *3 (E.D. La. Oct. 25, 2010), adopted, 2010 WL 5057424 (E.D. La. Dec. 6, 2010); Campbell v. Cain, No. 06-3983, 2007 WL 2363149, at *3 (E.D. La. Aug. 15, 2007).[21]

The only other state application petitioner had pending during that one-year period was a "Motion to Compel Production of Public Records" filed on May 15, 2002,[22] and denied on June 18, 2002.[23] However, such motions for production of records cannot fairly be considered "application[s] for State post-conviction or other collateral review" for tolling purposes because they are preliminary in nature and do not directly call into question the validity of a petitioner's conviction or sentence. Higginbotham v. Tanner, Civ. Action No. 10-1130, 2011 WL 3268128, at *1 (E.D. La. July 29, 2011); Parker v. Cain, Civ. Action No. 02-0250, 2002 WL 922383, at *2 n. 22 (E.D. La. May 1, 2002), certificate of appealability denied, No. 03-30107 (5th Cir. June 23,

---

[21] However, even if petitioner were granted tolling for the time this motion was pending, her federal application would still be untimely.

[22] State Rec., Vol. I of III.

[23] State Rec., Vol. I of III, Order dated June 18, 2002.

2003);  Boyd v. Ward, Civ. Action No. 01-493, 2001 WL 533221, at *4 (E.D. La. May 15, 2001), certificate of appealability denied, No. 01-30651 (5th Cir. Aug. 22, 2001).[24]

Because petitioner had no properly filed state applications pending at any time prior to April 16, 2003, she is not entitled to statutory tolling.  Further, although she filed numerous state post-conviction motions and applications *after* April 16, 2003, such motions and applications filed after the expiration of the federal statute of limitations have no bearing on the timeliness of her federal application.  See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).  Simply put, once the federal limitations period expired, "[t]here was nothing to toll."  Butler v. Cain, 533 F.3d 314, 318 (5th Cir. 2008).

The Court must next consider whether equitable tolling is warranted.  The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling.  Holland v. Florida, 130 S.Ct. 2549, 2560 (2010).  However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  Id. at 2562 (internal quotation marks omitted); see also Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional

---

[24] However, again, even if petitioner were granted tolling for the time this motion was pending, her federal application would still be untimely.

circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).

In the instant case, petitioner appears to argue that her federal application should be considered timely because, on July 2, 2008, she filed the state petition which challenged the procedures the Louisiana Fifth Circuit Court of Appeal used to rule on *pro se* post-conviction writ applications. Specifically, in 2007, it came to light that the Louisiana Fifth Court of Appeal had for many years had assigned a single judge to review all *pro se* post-conviction writ applications, despite the state constitutional requirement that the courts of appeal "sit in panels of at least three judges." See State v. Cordero, 993 So.2d 203, 204-05 (La. 2008); La. Const. art. V, § 8(A). As a result, in Cordero, the Louisiana Supreme Court decided that writ applications alleging this deficiency during the relevant period would be remanded to the Louisiana Fifth Circuit for a properly conducted *re*-review. As noted, this occurred in petitioner's case. However, for prisoners such as petitioner, whose conviction became final long before the irregularity was discovered, the additional review accorded pursuant to Cordero is not a basis for either statutory or equitable tolling. See, e.g., Thomas v. Taylor, Civ. Action No. 10-1795, 2011 WL 4344605, at *4-8 (E.D. La. Aug. 23, 2011), adopted, 2011 WL 4345076 (E.D. La. Sept. 15, 2011); see also Nellon v. Cain, Civ. Action No. 10-4430, 2012 WL 1142539, at *5 (E.D. La. Jan. 25, 2012) ("[T]he additional review petitioner has been accorded as a result of Cordero is of no moment, because that review did not 'reset' his federal statute of limitations. Where, as here, a petitioner's federal limitations period expired *prior* to Cordero, the additional review accorded as a result of the Cordero procedure is simply irrelevant."), adopted, 2012 WL 1089232 (E.D. La. Mar. 30, 2012).

Because petitioner is entitled to neither statutory tolling nor equitable tolling, her federal application for *habeas corpus* relief had to be filed on or before April 16, 2003. Because her federal application was not filed until January 23, 2012, it is untimely.

Lastly, out of an abundance of caution, the Court notes that petitioner would not be entitled to federal *habeas corpus* relief even if her application had been timely filed. Her sole claim in the federal application is that her rights were violated by the improper procedures initially used by the Louisiana Fifth Circuit Court of Appeal to review her post-conviction application. However, that claim is not even cognizable in this proceeding, because federal *habeas corpus* relief cannot be granted to remedy an error in state *post-conviction* proceedings. As the United States Fifth Circuit Court of Appeals has explained:

> [O]ur circuit precedent makes abundantly clear that errors in state postconviction proceedings will not, in and of themselves, entitle a petitioner to federal habeas relief. See, e.g., Hallmark v. Johnson, 118 F.3d 1073, 1080 (5th Cir. 1997) ("[I]nfirmities in state habeas proceedings do not constitute grounds for relief in federal court."); Nichols v. Scott, 69 F.3d 1255, 1275 (5th Cir. 1995) ("An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself.") (internal quotations omitted). Rather, we must find constitutional error at the trial or direct review level in order to issue the writ.

Morris v. Cain, 186 F.3d 581, 585 n.6 (5th Cir. 1999); see also Duff-Smith v. Collins, 973 F.2d 1175, 1182 (5th Cir. 1992); Anthony v. Cain, Civ. Action No. 07-3223, 2009 WL 3564827, at *23 (E.D. La. Oct. 29, 2009); Baham v. Allen Correctional Center, Civ. Action No. 07-4075, 2009 WL 3148757, at *3 (E.D. La. Sept. 30, 2009); Davis v. Cain, Civ. Action No. 07-6389, 2008 WL

5191912, at *6 (E.D. La. Dec. 11, 2008).  Although application of this rule often proves harsh, the Fifth Circuit recently emphatically reiterated that it must nevertheless be followed, stating:

> We, as a federal appeals court entertaining a federal habeas corpus application, are without jurisdiction to review the constitutionality of [the petitioner's] state postconviction proceedings. Indeed, we are barred from doing so by our "no state habeas infirmities" rule. ... [O]ur hands are tied by the AEDPA, preventing our review of [the petitioner's] attack on his Louisiana postconviction proceedings, so we dutifully dismiss his claim.

Kinsel v. Cain, 647 F.3d 265, 273-74 (5th Cir.) (footnote omitted), cert. denied, 132 S.Ct. 854 (2011).  As a result, a Louisiana prisoner's Cordero claim simply is not cognizable in a federal *habeas corpus* proceeding.  Wilford v. Cain, Civ. Action No. 10-2163, 2011 WL 6819035 (E.D. La. Dec. 28, 2011); Thomas, 2011 WL 4344605, at *7.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Helen Lane be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[25]

New Orleans, Louisiana, this twentieth day of June, 2012.

                                              **DANIEL E. KNOWLES, III**
                                              **UNITED STATES MAGISTRATE JUDGE**

---

[25] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.