# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| HELEN LANE | * | CIVIL ACTION |
| | * | |
| VERSUS | * | No. 12-340 |
| | * | |
| JIM ROGERS, WARDEN | * | SECTION "B"(3) |
| | * | |

## ORDER AND REASONS

Considering the instant § 2254 record, and for the reasons noted below, **IT IS ORDERED** that: (1) Petitioner's Objections (Rec. Doc. No. 15) are **OVERRULED**; (2) the Magistrate Judge's Report and Recommendation (Rec. Doc. No. 14) is **ADOPTED** as the opinion of the Court; and (3) Petitioner's application for federal *habeas corpus* relief is **DISMISSED WITH PREJUDICE** as untimely.

Petitioner Helen Lane ("Petitioner") is a state prisoner incarcerated at the Louisiana Correctional Institute for Women in St. Gabriel, Louisiana. (Rec. Doc. No. 14 at 1). On April 9, 2002, Petitioner pleaded guilty to five counts of possession of cocaine with intent to distribute under Louisiana law. *Id.* She was sentenced on each count to concurrent terms of eighteen years imprisonment. *Id.* at 1-2. On the same day, Petitioner also pleaded guilty to being a multiple offender. *Id.* at 2. She was subsequently re-sentenced on the first count to a concurrent term of eighteen years imprisonment, without the benefit of probation or suspension of sentence. *Id.*

On April 24, 2002, Petitioner filed a motion for appeal with the state district court. *Id.* The district court denied her motion as untimely on June 6, 2002, and instructed Petitioner to seek an "out-of-time" appeal by filing an application for post-conviction relief. *Id.* Petitioner did not file any such applications. *Id.*

Nearly four years later, on January 31, 2006, Petitioner filed a motion to correct an allegedly illegal sentence with the state district court. *Id.* The district court denied Petitioner's motion on March 27, 2006. *Id.* Petitioner also filed a related writ application that the Louisiana Fifth Circuit Court of Appeals denied on May 11, 2006. *Id.* at 2-3. Petitioner did not seek review of that judgment by the Louisiana Supreme Court. *Id.* at 3.

On July 2, 2008, Petitioner filed an original application directly with the Louisiana Supreme Court, following its decision in *State v. Cordero,* 993 So.2d 203 (La. 2008).[1] *Id.* The Louisiana Supreme Court transferred that petition to the Fifth Circuit for reconsideration on October 10, 2008. *Id.* The Fifth Circuit denied Petitioner's application for relief on February 25, 2010. *Id.* Then,

---

[2] In *State v. Cordero*, the Louisiana Supreme Court addressed alleged procedural improprieties and summary dismissal without judicial review of *pro se* post-conviction writ applications filed in the Louisiana Fifth Circuit between February 8, 1994 and May 21, 2007. 993 So.2d 203, 204 (La. 2008) (*per curiam*). The Court remanded all *pro se* writ applications submitted between the above mentioned dates to the Louisiana Fifth Circuit for reconsideration. *Id.*

on February 25, 2011, the Louisiana Supreme Court denied a related writ application submitted by Petitioner. *Id.*

While Petitioner's motion was pending before the Louisiana Supreme Court, she also sought relief in the state district court. *Id.* On March 3, 2009, she filed a "Motion for Reduction/Amendment of Sentence," which the district court denied on March 20, 2009. *Id.* at 3-4. On August 19, 2009, she filed a "Motion to Correct an Illegal Multiple Bill Sentence," which the court denied on August 31, 2009. *Id.* at 4.

Over two years later, on January 23, 2012, Petitioner filed the instant application for federal *habeas corpus* relief. *Id.* The Magistrate Judge issued a Report and Recommendation (Rec. Doc. No. 14) on June 20, 2012, recommending that Petitioner's application for federal *habeas* relief be dismissed with prejudice. In response, Petitioner filed her Objections to the Report and Recommendation of the United States Magistrate Judge. (Rec. Doc. No. 15).

Petitioner filed the instant writ for federal habeas corpus review pursuant to 28 U.S.C. § 2254 on January 23, 2012. Because this is after the effective date for the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), applicable to habeas corpus petitions, the instant application is governed by § 2254 as amended by the AEDPA. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998)(*citing Lindh v. Murphy*, 521 U.S. 320 (1997)).

The AEDPA restricts the time-period for filing a federal habeas corpus action to one year from the date a conviction became final. 28 U.S.C. § 2244(d)(1) (2006); *Duncan v. Walker*, 533 U.S. 167, 179 (2001). As noted above, Petitioner's conviction became final on April 16, 2002.[2] (Rec. Doc. No. 14 at 5).

**A. Timeliness of Habeas Petition**

The Magistrate Judge did not consider the merits of Petitioner's claims, because Petitioner did not timely file her federal *habeas* application. (Rec. Doc. No. 14 at 1). Under § 2244(d)(1)(A), a petitioner must bring her federal *habeas* claim within one year of the date her conviction became final. *Duncan*, 533 U.S. at 179.

In the instant case, the AEDPA's one-year filing period commenced on April 16, 2002.[3] (Rec. Doc. No. 14 at 5). Accordingly, Petitioner's federal limitations period for filing her *habeas* claim expired on April 16, 2003, unless that period was extended by

---

[3] According to 28 U.S.C. § 2244(d)(1), a conviction is final on "the date . . . the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1) (2006); *see also*, *Foreman v. Dretke*, 383 F.3d 336, 338 (5th Cir. 2004) ("This provision supplies two alternate methods under which a conviction can become final: direct review can end or the time to pursue the direct review can expire.").

[4] Petitioner pleaded guilty and was sentenced on April 9, 2002. As the Magistrate Judge noted, in 2002, LA. CODE CRIM. PROC. ANN. arts. 13 and 914 allowed a defendant five days, excluding legal holidays and half-holidays, to give notice of her intent to appeal a conviction or sentence. In Louisiana, Sundays are legal holidays and Saturdays, depending on the locality, are either holidays or half-holidays. LA. REV. STAT. ANN. § 1:55(A).

statutory or equitable tolling. 28 U.S.C. § 2244(d)(1) (2006); *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010).

## 1. Statutory Tolling

Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim that is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2) (2006). A matter remains "pending" for tolling purposes until "further appellate review" is unavailable under Louisiana's procedures. *Williams v. Cain*, 217 F.3d 303, 310 (5th Cir. 2000) (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999), *aff'd*, 531 U.S. 4 (2000)).

Specifically, an application is considered *properly* filed "when it is delivered to, and accepted by" the court, and placed into the official record. *Artuz*, 531 U.S. at 8. The Supreme Court has also clarified that examples of "other collateral review" might include civil commitment or civil contempt orders. *Duncan*, 533 U.S. at 176. Further, the phrase "pertinent judgment or claim" requires that the Petitioner's state filings must have challenged the same conviction being challenged in the federal *habeas* petition; the state filings must also have addressed the same substantive claim. *Godfrey v. Dretke*, 396 F.3d 681, 687-88 (5th Cir. 2005).

In the instant case, Petitioner did not properly file any applications for state post-conviction relief or other collateral review within the one-year limitation period under the AEDPA. (Rec. Doc. No. 14 at 6). Petitioner's motion for appeal was denied by the state district court as untimely, so it cannot be considered properly filed. (Rec. Doc. No. 14 at 2); *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a post [] conviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2).") (internal citations omitted); *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008).

The only other application Petitioner filed during the one-year limitation period was a Motion to Compel Production of Public Records, which was denied on June 18, 2002. (Rec. Doc. No. 14 at 7). However, that motion cannot be considered "other collateral review" and does not trigger statutory tolling, because it did not directly challenge the validity of Petitioner's sentence. *Noble v. Cooper*, No. 11-2866, 2012 WL 1135867, at *2 (E.D. La. March 20, 2012). Thus, Petitioner is not entitled to statutory tolling, as she had no properly filed state applications pending prior to April 16, 2003.[4] (Rec. Doc. No. 14 at 8).

---

[5] The Magistrate Judge also noted that Petitioner filed multiple post-conviction applications and motions after April 16, 2003. (Rec. Doc. No. 14 at 8). Nevertheless, pleadings filed after the expiration of the one-year filing period have no tolling effect. *Hulsey v. Thaler*, 421 Fed. Appx. 386, 390 (5th Cir. 2011).

## 2. Equitable Tolling

The Court must next consider whether Petitioner is entitled to equitable tolling. *See Holland*, 130 S. Ct. at 2560. Equitable tolling is only warranted where: (1) the petitioner has diligently pursued her rights, and (2) some extraordinary circumstance stood in her way. *Pace*, 544 U.S. at 418; *Schmitt v. Zeller*, 354 Fed. Appx. 950, 951 (5th Cir. 2009) (internal citations omitted).

In the instant case, Petitioner has not proven the elements necessary for equitable tolling to be applicable to her claims. First, the nearly ten-year lapse in time during which Petitioner did not seek to file a federal *habeas* petition demonstrates a lack of diligence in asserting her rights. *See Pace*, 544 U.S. at 419 (holding that a petitioner's "lack of diligence preclude[d] equity's operation" where the "petitioner waited years . . . to assert th[o]se claims.").

Second, although unclear, Petitioner seems to assert that her application should be considered timely because she filed a state petition for relief following the Louisiana Supreme Court's decision in *Cordero*. (Rec. Doc. No. 15 at 4-5). However, Petitioner allowed more than one year to pass well before *Cordero* was decided. *Jones v. Tanner*, No. 11-1721, 2012 WL 1899402, at *4 (E.D. La. May 24, 2012); *Nellon v. Cain*, No. 10-4430, 2012 WL 1142539, at *5 (E.D. La. Jan. 25, 2012) ("Where, as here, a petitioner's federal

limitations period expired prior to *Cordero*, the additional review

. . . is simply irrelevant."). Any additional review accorded to

Petitioner pursuant to *Cordero* is not a basis for statutory or

equitable tolling. Because Petitioner did not file her application

by April 16, 2003,[5] "and because [she] is not entitled to statutory

or equitable tolling, her federal petition is barred by the statute

of limitations." *Pace*, 544 U.S. at 419.

New Orleans, Louisiana, this 2ND day of August, 2012.

UNITED STATES DISTRICT JUDGE

---

[6] Out of caution, the Magistrate Judge noted that even if Petitioner's application was timely filed, she would still not be entitled to federal *habeas corpus* relief. (Rec. Doc. No. 14 at 10). Petitioner claims in her federal application only that the Louisiana Fifth Circuit Court of Appeal used improper procedures initially to review her post-conviction application. *Id.* However, "infirmities in state habeas proceedings do not constitute grounds for relief in federal court." *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997).